[736 NYS2d 215]

In the Matter of MITCHELL A. ROTHKEN (Admitted as MITCHELL ALAN ROTHKEN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 8, 2002

### APPEARANCES OF COUNSEL

*Mady J. Edelstein* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Sarah Diane McShea* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, Mitchell A. Rothken, was admitted to the practice of law in the State of New York by the Second Judicial

Department on April 13, 1983, as Mitchell Alan Rothken. Respondent has maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee has moved for an order, pursuant to 22 NYCRR 603.11, accepting respondent's resignation and striking his name from the roll of attorneys effective August 27, 2001. Respondent has submitted his resignation pursuant to 22 NYCRR 603.11. In his affidavit of resignation, respondent admits to mishandling escrow funds and tenders his resignation in the context of a pending disciplinary investigation. Six complaints against him involve nine separate real estate transactions for which he was to hold various sums in escrow pending or subsequent to the closings. The complaints essentially allege that he failed to maintain real estate contract deposits and other funds received in connection with real estate deals intact in his IOLA account, that several checks drawn on his trust account were returned for insufficient funds, that he advised several clients that there were not enough funds in his trust account to close their transactions, and that he failed to comply with demands for the turnover of escrow funds in certain transactions. Respondent states he has confessed judgment in two of the matters under investigation by the Committee. Respondent has also consented to judgment in another matter not the subject of an investigation and that in that action his bank accounts have been frozen and he can not disburse any funds without the court's prior approval. Respondent's counsel has advised the Lawyers' Fund for Client Protection that he will cooperate fully to assure that all meritorious claims are promptly paid and that he will enter into a restitution and reimbursement agreement with the Fund.

Respondent's affidavit conforms to the requirements of 22 NYCRR 603.11 insofar as he offers his resignation freely and voluntarily, without coercion or duress, being fully aware of the implications of submitting his resignation. He has acknowledged that there are complaints pending against him, that he is aware of the Committee's investigation, and that if formal disciplinary charges were filed against him for these acts he could not successfully defend himself on the merits against such charges.

Accordingly, the Committee's motion should be granted to the extent of accepting respondent's resignation and striking respondent's name from the roll of attorneys and counselors-at-law in the State of New York, effective as of the date of his affidavit of resignation, August 27, 2001.

WILLIAMS, J. P., TOM, ROSENBERGER, ELLERIN and BUCKLEY, JJ., concur.

Motion granted, respondent's resignation accepted, and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to August 27, 2001.